PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD R. REEVES, | ) | |
| | ) | CASE NO. 1:16CV00282 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| MICHELE MILLER, | ) | |
| | ) | |
| Respondent. | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** [Resolving ECF No. 18] |

On December 7, 2015, the magistrate judge issued an order denying *pro se* Petitioner Donald R. Reeves' motion for discovery (ECF No. 13). ECF No. 17. Petitioner has filed an objection to the magistrate judge's order. ECF No. 18. The Court has reviewed the above filings, the relevant portions of the record, and the governing law. For the reasons provided below, the Court overrules Petitioner's objections.

**I. Standard of Review**

Because Petitioner has objected to rulings on non-dispositive motions, review is governed by Local Rule 72.3(a):

> Any party may appeal from a Magistrate Judge's order determining a motion or matter made pursuant to Fed. R. Civ. P. 72(a) within fourteen (14) days after service of the Magistrate Judge's order. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, a written statement of appeal which shall specifically designate the order, or part thereof, appealed from and the basis for any objection thereto. The District Judge to whom the case was assigned shall consider the appeal and shall set aside any portion of the Magistrate Judge's order found to be clearly erroneous or

(1:16CV00282)

>contrary to law. The District Judge may also consider sua sponte any matter determined by a Magistrate Judge under this Rule.

"The 'clearly erroneous' standard applies to the magistrate judge's findings of fact, and the magistrate judge's legal conclusions are reviewed under the 'contrary to law' standard." *Champion Foodservice, LLC v. Vista Food Exch., Inc.*, No. 1:13-CV-1195, 2015 WL 7251307, at *1 (N.D. Ohio Nov. 16, 2015) (quoting *Gandee v. Glasser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992) (citations omitted)). "In reviewing a magistrate judge's decision to determine whether it is 'contrary to law,' a district court is to apply the same standard the Sixth Circuit employs to review a district court's ruling on an evidentiary question, which is an 'abuse of discretion' standard." *Id.* (citations omitted). An abuse of discretion occurs when the magistrate judge "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Paschal v. Flagstar Bank*, 297 F.3d 431, 434 (6th Cir. 2002) (quoting *First Tech. Safety Sys. v. Depinet*, 11 F.3d 641, 647 (6th Cir.1993)).

## II. Analysis

Petitioner objects to the magistrate judge's order on grounds that "[c]ontra[r]y to [the magistrate judge's] findings, transcripts were never available to Petitioner." ECF No. 18 at PageID #: 399. Petitioner states:

>Petitioner has never had access to Petitioner's case file. Nor to the documentation within. Each time Petitioner made a request to see the information contained within the case file trial counsel tol[d] Petitioner that it didn't matter, that "they had enough to convict". etc. Petitioner never had access to the trial record. Appellate Counsel informed Petitioner that the trial transcript would be borrowed for the purpose of preparing an appeal brief and then would be returned. (Exhibit A) Petitioner requested all documentation connected with Petitioner's case. (Exhibit B) Petitioner was never in the physical

(1:16CV00282)

> presence of Appellate Counsel, Jeffrey Gamso, all communication with appellate counsel was via the U.S. Mail. Therefore Petitioner was never able to read and familiarize himself with the trial record. Petitioner's appellate counsel returned the trial record to the courts.

*Id.*

The magistrate judge denied Petitioner's motion for discovery requesting the Court to order Respondent to provide certain state court transcripts (ECF No. 13) because it is clear Petitioner's counsel on direct appeal had access to the state transcripts. ECF No. 17 at PageID #: 398. In fact, Petitioner's counsel cited to the transcripts throughout the appellate brief on direct appeal (ECF No. 10-1, Ex. 5). Therefore, and pursuant to *Brown v. Voorhies*, No. 2:07-CV-00014, 2009 WL 187830 (S.D. Ohio Jan. 26, 2009), the magistrate judge concluded that the transcripts were available to Petitioner. ECF No. 17 at PageID #: 398. *See also Lee v. Wilson*, No. 1:04 CV 2169, 2007 WL 2571954, at *17 (N.D. Ohio Aug. 31, 2007), *amended on other grounds*, No. 1:04 CV 2169, 2007 WL 2815204 (N.D. Ohio Sept. 25, 2007 ("[A]ppellate counsel, who was in possession of the transcript, was under no duty to provide [petitioner] with his own additional copy of the transcript during counsel's preparation of the appeal.").

Moreover, the magistrate judge reasoned that because Respondent attached the state court record and transcript of proceedings to the Return of Writ (ECF No. 10), Petitioner failed to show good cause. ECF No. 17 at PageID #: 398. *See* Appendix State Court Record - Exhibits 1-22, ECF No. 10-1; Supplement Transcript of Proceedings: Plea and Sentencing, ECF No. 10-2.

(1:16CV00282)

Accordingly, there is no merit to Petitioner's argument. Respondent has included a table of contents at the beginning of the state court record and has numbered the exhibits contained therein.[1] Petitioner can cite to the record adequately with that which Respondent has provided.

### III. Conclusion

For the forgoing reasons, the Court overrules Petitioner's objection.

IT IS SO ORDERED.

 January 25, 2017             /s/ Benita Y. Pearson
Date                          Benita Y. Pearson
                              United States District Judge

---

[1] The Certificate of Service states: "I hereby certify that a true and accurate copy of the foregoing *Respondent's Return of Writ and Bookmarked Appendix of State Court Record* was filed electronically on this 13th day of May, 2016 and sent via regular mail to Donald R. Reeves, #644-480 at the Belmont Correctional Institution, P.O. Box 540, St. Clairsville, Ohio 43950." ECF No. 10 at PageID #: 111.