IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DONALD R. REEVES,**                         Case No. 1:16 CV 282

     Petitioner,                         Judge Benita Y. Pearson

     v.                              Magistrate Judge James R. Knepp, II

**MICHELE MILLER,**

     Respondent.                      REPORT AND RECOMMENDATION

### INTRODUCTION

*Pro se* Petitioner Donald R. Reeves ("Petitioner"), a prisoner in state custody, filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"). (Doc. 1). Respondent Warden Michele Miller ("Respondent") filed an Answer / Return of Writ. (Doc. 10). Petitioner has not filed a Reply / Traverse.[1] Also pending before the Court is Petitioner's Motion for Leave to Amend his Petition. (Doc. 30). The district court has jurisdiction over the Petition under § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Non-document entry dated February 8, 2016). For the reasons discussed below, the undersigned denies the Motion for Leave to Amend his Petition and recommends the Petition be denied.

### FACTUAL BACKGROUND

For the purposes of habeas corpus review of state court decisions, findings of fact made by a state court are presumed correct and can only be contravened if the habeas petitioner shows, by

---

1. Petitioner was granted *six* extensions of time in which to do so. Docs. 12, 16, 20, 22, 25, and 29. The final two of these extensions noted that "NO FURTHER EXTENSIONS" would be granted. Docs. 25, 29.

clear and convincing evidence, erroneous factual findings by the state court. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This presumption of correctness applies to factual findings made by a state court of appeals based on the state trial court record. *Mitzel*, 267 F.3d at 530. Here, the Ohio Eighth District Court of Appeals set forth the following facts:

{¶ 2} On February 25, 2013, Reeves was indicted on 20 counts. Counts 1 through 9 contained charges of rape, felonious assault, compelling prostitution, kidnapping, trafficking in persons, corrupting another with drugs, and intimidation of a crime victim or witness pertaining to the time period of January 22, 2013, to February 7, 2013. Counts 10 through 18 charged the same offenses that allegedly occurred from February 9, 2013, to February 13, 2013. The final two counts, felonious assault and possessing criminal tools, pertained to acts that allegedly occurred on February 13, 2013.

{¶ 3} On July 22, 2013, Reeves withdrew his previously entered pleas of not guilty and pleaded guilty to the following: Count 2, felonious assault in violation of R.C. 2903.11(B)(1), which is a felony of the second degree and includes a maximum possible penalty of eight years in prison; Count 3, compelling prostitution in violation of R.C. 2907.21(A)(1), which is a felony of the third degree and includes a maximum possible penalty of 36 months in prison; amended Count 17, attempted corrupting another with drugs in violation of R.C. 2925.02(A)(2), which is a felony of the third degree and includes a maximum possible penalty of 36 months in prison; and amended Count 19, attempted felonious assault in violation of R.C. 2903.11(A)(1), which is a felony of the third degree and also includes a maximum possible penalty of 36 months in prison. Count 3 is a tier two sex offense that includes certain registration requirements. The trial court accepted Reeves's pleas and found him guilty. In exchange for the plea, the remaining Counts 1, 4 through 16, 18, and 20, were nolled. Without the plea agreement, Reeves could have received up to 127 years incarceration.

{¶ 4} On September 25, 2013, the trial court held a sentencing hearing, during which the court advised defense counsel that a presentence investigation report ("PSI") had been ordered and provided defense counsel an opportunity to review the report. Counsel declined, indicating that she had reviewed the report and was satisfied with its contents. The court then heard testimony from the state, the victim, Detective Joe DiGregorio, defense counsel, and Reeves.

{¶ 5} Thereafter, the court noted Reeves's lengthy criminal history, beginning in 1976 with grand theft, receiving stolen property, and possessing criminal tools, and continuing to the present matter. It made findings with respect to the seriousness of the crime and the likelihood of recidivism. The court found Reeves's behavior to

2

be the worst form of the offense, and it sentenced him to the maximum of eight years incarceration on Count 2 and the maximum of 36 months incarceration on each of Counts 3, 17, and 19, to be served consecutively, for an aggregate sentence of 17 years.

(Ex. 7, Doc. 10-1, at 51-69); *State v. Reeves*, 2014 WL 3953997, at *1 (Ohio Ct. App.)

**PROCEDURAL HISTORY**

State Court Conviction

In February 2013, a Cuyahoga County Grand Jury indicted Petitioner on two counts of rape, including sexually violent predator specifications; three counts of felonious assault; two counts of compelling prostitution; six counts of kidnapping, including sexual motivation specifications; two counts of trafficking in persons; two counts of corrupting another with drugs; two counts of intimidation of a crime victim or witness; and one count of possessing criminal tools, including forfeiture of a cell phone in a drug case, forfeiture of a gun in a drug case, and forfeiture of property specifications. (Ex. 1, Doc. 10-1, at 3-11). Petitioner originally entered a not guilty plea. *See* Ex. 2, Doc. 10-1, at 12.

In July 2013, the state amended Count 19 to attempted felonious assault, and Count 17 to attempted corrupting another with drugs. *Id.* Petitioner withdrew his prior plea of not guilty, and entered a guilty plea to Counts 17 and 19 (as amended), Count Two (felonious assault), and Count Three (compelling prostitution). *Id.* The remaining counts were nolled. *Id.* The trial court accepted Petitioner's guilty plea. *Id.* In September 2013, the trial court ordered Petitioner to serve an aggregate sentence of seventeen years' incarceration. (Ex. 3, Doc. 10-1, at 14).

Direct Appeal

Petitioner, through new counsel, filed a timely notice of appeal to the Ohio Eighth District Court of Appeals. (Ex. 4, Doc. 10-1, at 16). In his brief, he asserted two assignments of error:

1. The trial court committed error when it did not, at the sentencing hearing, inquire whether Appellant's plea to felonious assault in violation of R.C. 2903.11(B)(1) was in fact knowing, intelligent, and voluntary.

2. Appellant was denied his right to a fair sentencing proceeding and to be sentenced only on facts that were either admitted or proved beyond a reasonable doubt when the trial court imposed maximum consecutive sentences based at least in part on information regarding alleged offenses as to which Appellant was not convicted and which were, in fact, dismissed as part of his plea agreement all in violation of his rights under the Sixth and Fourteenth Amendments, Article I, Section 10 of the Ohio Constitution, and *Santobello v. New York.*

(Ex. 5, Doc. 10-1, at 20). The state filed a brief in response. (Ex. 6, Doc. 10-1, at 32). On August 14, 2014, the appellate court affirmed the judgment of the trial court. (Ex. 7, Doc. 10-1, at 51-69); *Reeves*, 2014 WL 3953997.

Petitioner, through counsel, timely appealed this decision to the Ohio Supreme Court. (Ex. 8, Doc. 10-1, at 70-71). In his memorandum in support of jurisdiction, he asserted two propositions of law:

1. When a defendant who entered a straight guilty plea makes statements at sentencing denying his guilt, a trial court must clarify whether the defendant is actually denying guilty, and if the defendant is, must conduct a colloquy to confirm that the plea was knowing, intelligent, and voluntary.

2. When a defendant who entered a straight guilty plea makes statements at sentencing denying his guilt, a trial court must clarify whether the defendant is actually denying guilt, and if so must conduct a colloquy akin to that required for an *Alford* plea to ensure that.

(Ex. 9, Doc. 10-1, at 73). The state filed a waiver of memorandum in response. (Ex. 10, Doc. 10-1, at 102). On February 18, 2015, the Ohio Supreme Court declined jurisdiction and dismissed the appeal. (Ex. 11, Doc. 10-1, at 103).

Application for Reopening

On November 5, 2014, while his direct appeal was pending, Petitioner, *pro se*, filed an application to reopen his direct appeal pursuant to Ohio Appellate Rule 26(B). (Ex. 12, Doc. 10-1, at 104). In it, he alleged appellate counsel was ineffective due to counsel's failure to raise seven assignments of error:

1. The trial court erred to the prejudice of Defendant-Appellant when it sentenced him to consecutive periods of incarceration for a total of 17 years.

2. The trial court erred by allowing the Government to breach its plea agreement with Mr. Reeves.

3. The trial court erred when it ignored the following: that no principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceedings in all courts, state or federal.

4. The trial court imposed a sentence contrary to law and violated Appellant's due process rights when it imposed a maximum sentence upon Appellant that was inconsistent with and disproportionate to the sentencings imposed upon like defendants. The trial court abused its discretion by sentencing the Defendant to the maximum sentence contrary to law and in violation of the Ohio Constitution and the Eighth Amendment to the United States Constitution.

5. The trial court abused its discretion in finding that the following factors, making this offense more serious than the norm, were present in this case: (1) the Defendant caused serious physical harm to the victim, and (2) the Defendant's relationship with the victim facilitated the offense.

6. Appellant's conviction was against the manifest weight of the evidence.

7. Defendant's sentence was void because the court failed to merge two offenses which were allied, the trial court, contrary to R.C. 2941.25, imposed a sentence on both counts instead of merging both counts and imposing a sentence on one; res judicata did not bar consideration of this issue, as correcting this error in Defendant's sentence was both fair and just and res judic[at]a should not be used to permit a void sentence to stand.

*Id.* at 104-13. The state filed a memorandum in opposition. (Ex. 13, Doc. 10-1, at 114-21). On January 26, 2015, the appellate court denied Petitioner's application to reopen. (Ex. 14, Doc. 10-1, at 122-29); *State v. Reeves*, 2015 WL 405915 (Ohio Ct. App.).

Petitioner filed a timely notice of appeal to the Ohio Supreme Court. (Ex. 15, Doc. 10-1, at 130-31). In his memorandum in support of jurisdiction, Petitioner set forth two propositions of law:

1. Either Ohio Rule of Appellate Procedure 26(B)(2)(c) is ambiguously written or the Eighth District Court of Appeals abused their discretion and violated the Appellants rights to effective representation on appeal, due process, and the equal protection of the laws when they failed to allow him to reopen his direct appeal on the grounds that trial counsel was ineffective for omitting assignments of error that should have been raised in the original appeal. Oh. Const. Art. I, § 10, 16, USC Amd. 14.

2. Trial counsel was ineffective for not raising on direct appeal assignments of error that were stronger than errrors [sic] raised on direct appeal and errors that Appellant asked to be presented for review. Violating his rights to effective representation on appeal, due process and the equal protection of the laws protected by Ohio. Constitution. Article. I, § 10, 16, and the 5th, 6th, and 14th Amendments to the US Constitution.

(Ex. 16, Doc. 10-1, at 138). The state filed a waiver of memorandum in response. (Ex. 17, Doc. 10-1, at 156). On May 20, 2015, the Ohio Supreme Court declined jurisdiction and dismissed the appeal. (Ex. 18, Doc. 10-1, at 157).

## FEDERAL HABEAS CORPUS

On June 12, 2015, Petitioner executed the instant habeas Petition asserting nine grounds for relief:

**Ground One:** The trial court committed error when it did not, at the sentencing hearing, inquire whether Appellant's plea to felonious assault in violation of R.C. 2903.11(B)(1) was in fact knowing, intelligent, and voluntary.

**Ground Two:** Appellant was denied his right to a fair sentencing proceeding and to be sentenced only on facts that were either admitted or proved beyond a reasonable doubt when the trial court imposed maximum consecutive sentences based at least in part on information regarding alleged offenses as to which Appellant was not convicted and which were, in fact, dismissed as part of his plea agreement, all in violation of his rights under the Sixth and Fourteenth Amendments, Article I, Section 10 of the Ohio Constitution, and Santobello v. New York.

6

**Ground Three:** The trial court erred to the prejudice of Defendant-Appellant when it sentenced him to consecutive periods of incarceration for a total of 17 years.

**Ground Four:** The trial court erred by allowing the Government to breach its plea agreement with Mr. Reeves.

**Ground Five:** The trial court imposed a sentence contrary to law and violated Appellant's Due Process rights when it imposed a maximum sentence upon Appellant that was inconsistent with and disproportionate to the sentencing imposed upon like defendants. The trial court abused its discretion by sentencing the defendant to the maximum sentence contrary to law and in violation of the Ohio Constitution and Eighth Amendment to the United States Constitution.

**Ground Six:** The trial court abused its discretion in finding that the following factors, making this offense more serious than the norm, were present in this case[:] (1) the Defendant caused serious physical harm to the victim, and (2) the Defendant's relationship with the victim facilitated the offense.

**Ground Seven:** The trial court erred when it ignored the following: that no principle of procedural due process is more clearly established than that notice of the specific charge, and a chan[c]e to be heard in at trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal.

**Ground Eight:** Appellant's conviction was against the manifest weight of the evidence.

**Ground Nine:** Defendant's sentence was void because the court failed to merge two offenses which were allied, the trial court, contrary to R.C. 2941.25 imposed a sentence on both counts instead of merging both counts and imposing a sentence on one; res judicata did not bar consideration of this issue, as correcting this error in Defendant's sentence was both fair and just and res judicata should not be used to permit a void sentence to stand.

### STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "dictates a highly deferential standard for evaluating state-court rulings which demands that state court decisions be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005). An application for habeas corpus cannot be granted for a person in custody pursuant to a state conviction unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d). Thus, a court may grant habeas relief if the state court arrives at a conclusion that is contrary to a decision of the Supreme Court on a question of law, or if the state court decides a case differently than did the Supreme Court on a materially indistinguishable set of facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

The appropriate measure of whether a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-11; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000). "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). To obtain "habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

### DISCUSSION

Respondent contends Grounds Two through Nine of the Petition are procedurally defaulted and Petitioner cannot show cause, prejudice, or a miscarriage of justice to overcome such default. Respondent also contends Grounds One, Four, and Seven fail on the merits; and Grounds Two, Three, Five, Six, Eight and Nine are non-cognizable. As noted above, Petitioner has not filed a Reply, despite being offered ample opportunity to do so. For the reasons discussed below, the undersigned recommends the Petition be denied.

Procedural Default

Procedural default occurs when a petitioner fails to fairly present his claims in a federal constitutional context to the highest state court. *O'Sullivan v. Boerckel,* 526 U.S. 838 (1999); *Anderson v. Harless,* 459 U.S. 4 (1982). Federalism and comity generally bar federal habeas corpus review of "contentions of federal law ... not resolved on the merits in the state proceeding due to [the petitioner's] failure to raise them there as required by state procedure." *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977); *Lundgren v. Mitchell,* 440 F.3d 754 (6th Cir. 2006). Fair presentation requires that the claims must be presented at the first available opportunity. *Rust v. Zent*, 17 F.3d 155, 160-61 (6th Cir. 1994). In Ohio, "one complete round of the State's established appellate review process" means a defendant must fairly present his constitutional claims, on the record, to the trial court, the court of appeals, and the Supreme Court of Ohio on direct appeal. *Caver v. Straub,* 349 F.3d 340, 346 (6th Cir. 2003) (quoting *O'Sullivan,* 526 U.S. at 845).

A habeas petitioner may fail to obtain consideration of a claim by a state court in two scenarios, either: (1) he failed to fairly raise the claim before the state courts while state remedies were still available, or (2) he failed to comply with a state procedural rule which prevented the state courts from reaching the merits of the petitioner's claim. *Wainwright v. Sykes,* 433 U.S. 72, 80, 84–87 (1977). In either of these scenarios, the claim is procedurally defaulted and may not be considered by the federal court on habeas review. *Seymour v. Walker,* 224 F.3d 542, 550 (6th Cir. 2000).

If the state argues a petitioner has procedurally defaulted his claims, the court must conduct a four-step analysis to determine whether the petitioner has indeed defaulted and, if so, whether the procedural default may be excused:

1. The Court determines whether there is a procedural rule applicable to the claim at issue, and whether the petitioner in fact failed to follow it;

2. The Court then determines whether the state courts actually enforced their procedural sanction;

3. The Court then decides whether the state's procedural forfeit is an "adequate and independent ground" on which the state can rely to foreclose federal review; and

4. Finally, in order to avoid default, the petitioner can demonstrate that there was "cause" for him to neglect the procedural rule, and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir.1986).

Demonstrating "cause" requires a petitioner to "show that 'some objective factor external to the defense' prevented the petitioner's compliance with a state procedural rule." *Bonilla v. Hurley,* 370 F.3d 494, 498 (6th Cir.2004) (quoting *Murray v. Carrier,* 477 U.S. 478, 488 (1986)). Demonstrating prejudice requires a petitioner to show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *U.S. v. Frady,* 456 U.S. 152, 170 (1982) (emphasis in original).

A procedural default will also be excused if the petitioner demonstrates that not excusing the default "will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). The Supreme Court has held that such an inquiry requires a petitioner "supplement[ ] a constitutional claim with a 'colorable showing of factual innocence.' " *McCleskey v. Zant*, 499 U.S. 467, 495 (1991) (quoting *Kuhlmann v. Wilson,* 477 U.S. 436, 454 (1986)). Maintaining this exception to the rule against reviewing procedurally defaulted claims serves as "an additional safeguard against compelling an innocent man to suffer an unconstitutional loss of liberty". *Id.* (quoting *Stone v. Powell,* 428 U.S. 465, 492-93 (1976)).

Here, on direct appeal, Petitioner presented only two claims: 1) the trial court erred in not inquiring as to whether Petitioner's plea was knowing, intelligent, and voluntary; and 2) Petitioner was denied a fair sentencing in the imposition of maximum consecutive sentences based in part on information regarding offenses which were dismissed as part of his plea agreement. *See* Ex. 5, Doc. 10-1, at 20). And, to the Ohio Supreme Court, Petitioner only presented two (related) propositions of law, that when a defendant makes statements at sentencing denying guilt, a trial court must conduct a colloquy to confirm the plea is knowing, intelligent and voluntary. (Ex. 9, Doc. 10-1, at 73).

Grounds Three through Nine are based on facts that can be determined from the trial court record. And Petitioner did not raise them on direct appeal. Because they should have been raised and were not, they are barred by the doctrine of *res judicata*. *See State v. Milanovich*, 42 Ohio St. 2d 46 (1975); *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001); *see also Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998) ("Under Ohio law, the failure to raise on appeal a claim that appears on the face of the record constitutes a procedural default under the State's doctrine of res judicata."). Petitioner has procedurally defaulted these grounds due to his failure to fairly present them at the first available opportunity. *O'Sullivan*, 526 U.S. at 847.[2]

Petitioner *did* present Ground Two to the Eighth District Court of Appeals. *See* Ex. 5, Doc. 10-1, at 20. However, he failed to present that claim to the Ohio Supreme Court. *See* Ex. 9, Doc. 10-1, at 72-82. Fair presentation requires claims be presented at *each level* of state review so as to allow the state court a full opportunity to resolve any constitutional issues. *O'Sullivan*, 526 U.S.

---

2. Petitioner presented these grounds through a claim of ineffective assistance of appellate counsel in his application for reopening. *See* Ex. 12, Doc. 10-1, at 104-13. However, raising claims in such a manner does not preserve the underlying substantive claims for consideration on federal habeas corpus, but only preserves the ineffective assistance of appellate counsel claim itself. *See Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008).

at 848; *Caver*, 349 F.3d at 346. The failure to do so results in a waiver of those claims under *res judicata*. *See id.*; *State v. Cole*, 443 N.E.2d 169, 171 (Ohio 1982).

*Res judicata* has long been held to be a state procedural bar with the effect that claims not raised on direct appeal will be dismissed. *See State v. Perry*, 226 N.E.2d 104 (Ohio 1967). *Res judicata* is a "firmly established and regularly followed" state practice on which to foreclose federal review of a constitutional claim. *Seymour*, 224 F.3d at 555; *see also Buell*, 274 F.3d at 349.

Grounds Two through Nine are thus procedurally defaulted and may not be considered unless Petitioner can show cause and prejudice or a miscarriage of justice to overcome this default.

*Cause & Prejudice*

Although Petitioner has not filed a Reply, in his Petition (with respect to Grounds Three through Nine), he asserts: "This issue was not raised in the direct appeal due to ineffective assistance of appellate counsel, it was raised on an application to reopen, Ohio App. Rule 26(B)." (Doc. 1, at 10, 12, 14, 16, 18, 20, 22).

As noted above, to show cause sufficient to excuse a failure to raise the new claims in state court, the petitioner must point to "some objective factor external to the defense" that prevented him from raising the issue in the state court. *Murray*, 477 U.S. at 488. Ineffective assistance of appellate counsel may serve as cause to excuse a procedural default, where that claim is also properly exhausted before the state courts. *Edwards v. Carpenter*, 529 U.S. 446, 451-53 (2000); *Haliym v. Mitchell*, 492 F.3d 680, 691 (6th Cir. 2007).

Here, Petitioner presented the instant Grounds Three through Nine in his application for reopening, arguing that appellate counsel was ineffective for failing to raise these claims on direct appeal. *See* Ex. 12, Doc. 10-1, at 104-13. However, to the Ohio Supreme Court, he presented more general arguments that the Eighth District Court of Appeals "abused their discretion" in failing to

allow him to reopen his direct appeal, and a claim of ineffective assistance "for not raising on direct appeal assignments of error that were stronger than errors raised on direct appeal". (Ex. 16, Doc. 10-1, at 137-55. Arguably, therefore, Petitioner defaulted his ineffective assistance of appellate counsel claim by not raising it on the same factual basis to the Ohio Supreme Court, and thus it cannot be used as cause to excuse his default of these grounds.

Moreover, even if it is not defaulted, the ineffective assistance of counsel claim cannot serve as cause and prejudice here. The state appellate court cited the standard for ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 6898 (1984), listed Petitioner's assignments of error, and then explained:

> {¶ 5} Reeves, however, has failed to present any argument with regard to his seven proposed assignments of error. Thus, Reeves has failed to demonstrate how appellate counsel's performance was deficient and that he was prejudiced by appellate counsel's claimed deficiencies.

> {¶ 6} In *State v. Kelly,* 8th Dist. Cuyahoga No. 74912, 2000 Ohio App. LEXIS 2907 (June 21, 2000), this court established that the mere recitation of assignments of error is not sufficient to meet the burden to prove that the applicant's appellate counsel was deficient for failing to raise the issues he now presents or that there was a reasonable probability that the applicant would have been successful if the present issues had been considered in the original appeal. *See also State v. Jones,* 8th Dist. Cuyahoga No. 99703, 2014–Ohio–4467; *State v. Hawkins,* 8th Dist. Cuyahoga No. 90704, 2009–Ohio–2246. The failure of Reeves to present any argument with regard to his seven proposed assignments of error results in the failure to demonstrate that his appellate counsel was deficient and that he was prejudiced by the alleged deficiency. *State v. Freeman,* 8th Dist. Cuyahoga No. 95511, 2011–Ohio–5151.

> {¶ 7} It must also be noted that a guilty plea is a complete admission of the defendant's guilt. A counseled plea of guilty, that is voluntarily and knowingly given, removes the issue of factual guilt from the case. *State v. Siders,* 78 Ohio App.3d 699, 605 N.E.2d 1283 (11th Dist.1992). When a defendant enters a plea of guilty, he waives all appealable errors that might have occurred at trial unless the errors precluded the defendant from entering a knowing and voluntary plea. *State v. Barnett,* 73 Ohio App.3d 244, 596 N.E.2d 1101 (2d Dist.1991), citing *State v. Kelley,* 57 Ohio St.3d 127, 566 N.E.2d 658 (1991). A plea of guilty even waives the right to claim that a defendant was prejudiced by ineffective counsel, except to any defects that caused the plea to be less than knowing and voluntary. *Id.* at 249,

566 N.E.2d 658; *see also State v. Ketterer,* 111 Ohio St.3d 70, 2006–Ohio–5283, 855 N.E.2d 48.

{¶ 8} Upon direct appeal, the issues of a knowing and voluntary plea of guilty and sentencing were raised and addressed by this court. This court found that "Reeves did, in fact, knowingly, voluntarily, and intelligently enter a guilty plea to the charges of felonious assault in violation of R.C. 2903.11(B)(1), as well as the other three charges." *Reeves,* 8th Dist. Cuyahoga No. 100560, 2014–Ohio–3497, at ¶ 17. Thus, the fact that Reeves entered a knowing and voluntary plea of guilty waived all appealable error unrelated to the entry of the plea. *Ketterer, supra.*

{¶ 9} In addition, this court found no error associated with the trial court's sentence and held that:

> Further, Reeve's [sic] convictions resulted from a plea agreement. Because there was no agreement by the parties that the trial court should not consider the dismissed charges, and because trial courts routinely consider these matters in sentencing, the court's consideration of the underlying facts in this case was proper. In receiving 17 years incarceration on the four counts to which he pleaded guilty as part of the plea agreement, rather than the possible 127 years incarceration without the plea agreement, Reeves received the benefit of the bargain. *See Frankos,* 8th Dist. Cuyahoga No. 78072, 2001 Ohio App. LEXIS 3712, at *7.

> Finally, there is no indication in the record that the trial court's sentence was reflective of any improper sentencing factors. There are no statements clearly indicating that the dismissed charges were the sole basis for the sentence, and Reeves's sentence was within the statutory parameters.

> In light of the above, we find that the record supports the conclusion that the trial court considered the relevant sentencing factors before imposing sentence, and the sentence was not solely based on unproven conduct. The sentence is therefore not contrary to law. *See Clayton,* 8th Dist. Cuyahoga No. 99700, 2014–Ohio–112.

*Reeves* at ¶ 34–36.

{¶ 10} Therefore, we find no prejudice as claimed by Reeves vis-a-vis his proposed assignments of error that deal with the trial court's sentence.

*Reeves,* 2015 WL 405915, at *2-3. The state court reasonably found Petitioner could not show

*Strickland* prejudice resulting from his appellate counsel's failure to raise these additional claims.

That is, Petitioner has not shown the state court's finding that he could not demonstrate prejudice (that is, a reasonable probability the outcome of the appeal would have been different) to be "contrary to, or involv[ing] an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254. Therefore, the undersigned concludes that even if Petitioner's ineffective assistance of counsel claim raising Grounds Three through Nine were properly exhausted, it cannot serve as cause to excuse his default of the claims here because he cannot show prejudice resulting therefrom. "The prejudice analysis for . . . procedural default and the prejudice analysis for the ineffective assistance of counsel argument are sufficiently similar to treat as the same in this context," *Hall v. Vasbinder,* 563 F.3d 222, 237 (6th Cir. 2009); thus, "establishing *Strickland* prejudice likewise establishes prejudice for purposes of cause and prejudice." *Joseph v. Coyle,* 469 F.3d 441, 462-63 (6th Cir. 2006). Because Petitioner has not shown ineffective assistance of counsel due to failure to show prejudice, he also has not established sufficient prejudice to overcome procedural default. Petitioner asserts no other cause and prejudice to excuse the default of Grounds Two through Nine.

### Miscarriage of Justice

In his Motion for Leave to Amend, Petitioner asserts, conclusorily, that he is "actually innocent of the charges". (Doc. 30, at 2), but provides no further detail. The standard requires the Court to consider whether this is "an extraordinary habeas corpus case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent". *Murray,* 477 U.S. at 496. "Actual innocence" means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). And such a claim requires a petitioner to support his allegation "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513

U.S. at 324. Petitioner has not done so here, and thus cannot excuse his procedural default of Grounds Two through Nine.

Merits

Having found Grounds Two through Nine procedurally defaulted, the undersigned turns to Petitioner's only remaining claim: Ground One. In Ground One, Petitioner challenges the trial court's failure to inquire as to whether his plea was knowing, intelligent, and voluntary. (Doc. 1, at 6). In his supporting facts, he contends:

> Mr. Reeves was charged with felonious assault in violation of Ohio Revised Code 2903.11(B)(1). As part of his plea agreement, Mr. Reeves entered a guilty plea to that offense. During his allocution at his sentencing hearing, Mr. Reeves denied that he was guilty of that offense. He specifically stated the following: I would like to say to the court that yes, I did have sex with Valerie and we did use condoms each time. It was twice. I do it for 21 days and I thought she fully understood because she was giving me my HIV pills every morning, making sure that I took them that she has all of the opportunity to wear the condoms." The court did not follow up, did not try to confirm whether Mr. Reeves was actually denying guilt of the offense. In fact, it wholly ignored the comment. Mr. Reeves did not enter an Alford plea. He entered, rather, a straight guilty plea. The court was, therefore, at the time of the plea colloquy, under no obligation to do more than comply with the criminal rule 11. But at sentencing, Mr. Reeves did apparently deny guilt of the offense. While the denial was not accompanied by a motion to withdraw the plea, it inherently raised questions about whether the plea itself was in fact knowing, intelligent, and voluntary. Those questions should have been pursued. Moreover, the court should have made an effort to determine that the state could actually have proved that Mr. Reeves committed the offense. It did not. Under these circumstances, the trial court should have held a hearing, or at least a colloquy, to determine whether the plea was knowingly, intelligently and voluntarily made.

*Id.*

Petitioner raised this claim on direct appeal to both the Eighth District Court of Appeals, and the Ohio Supreme Court. *See* Ex. 5, Doc. 10-1, at 20; Ex. 9, Doc. 10-1, at 73.

The requirements for a valid guilty plea are clearly established law as determined by the Supreme Court. It is well-settled that a guilty plea must be entered knowingly, intelligently, and voluntarily, without coercion, in order to be considered valid. *See Bousley v. United States,* 523

U.S. 614, 618 (1998); *Brady v. United States,* 397 U.S. 742, 747, (1970); *Boykin v. Alabama,* 395 U.S. 238 (1969); *King v. Dutton,* 17 F.3d 151, 153 (6th Cir. 1994). The Supreme Court in *Boykin v. Alabama,* set forth the requirement that the waiver of rights by guilty plea must be clear on the record: the record must clearly disclose that the defendant voluntarily and understandingly entered his plea of guilty. 395 U.S. at 243–44.

When a petitioner challenges the validity of the guilty plea in a federal habeas proceeding, the respondent bears the duty to demonstrate that the guilty plea was entered knowingly, intelligently, and voluntarily. *Garcia v. Johnson,* 991 F.2d 324, 326 (6th Cir. 1993). The respondent "generally satisfies its burden by producing a transcript of the state court proceeding." *Id.* As stated previously, "[t]he factual findings of a state court that the plea was proper generally are accorded a presumption of correctness. However, when the transcript is inadequate to show that a plea was voluntary and intelligent, the presumption of correctness no longer applies." *Id.* at 327. The court must analyze the totality of the circumstances in determining whether the plea was made knowingly, intelligently, and voluntarily. *Id.* The circumstances must show the defendant was fully aware of the consequences and there were no threats, misrepresentations, or promises that are improper. *Brady,* 397 U.S. at 755.

First, the Ohio appellate court thoroughly considered and addressed this claim on direct appeal:

> {¶ 6} In his first assignment of error, Reeves contends that the trial court erred when it failed to make a Crim.R. 11 inquiry at his sentencing after Reeves made a statement alluding to his innocence of the felonious assault charge contained in Count 2 of the indictment.
>
> {¶ 7} Reeves pleaded guilty to Count 2, which charged felonious assault in violation of R.C. 2903.11(B)(1). That section defines felonious assault as follows: No person, with knowledge that the person has tested positive as a carrier of a virus that causes acquired immunodeficiency syndrome, shall knowingly * * * [e]ngage

in sexual conduct with another person without disclosing that knowledge to the other person prior to engaging in the sexual conduct.
R.C. 2903.11(B)(1).

{¶ 8} When the court provided Reeves the opportunity to speak before sentencing, Reeves stated as follows:

> I would like to say to the court that, yes, I did have sex with [victim] and we did use condoms each time. It was twice. I do it for 21 days and I thought she fully understood because she was giving me my HIV pills every morning, making sure that I took them that she had all of the opportunity to wear the condoms.

{¶ 9} Reeves did not move to withdraw his guilty plea under Crim.R. 32.1 or claim that his guilty plea was not made knowingly, intelligently, and voluntarily. Rather, he argues now on appeal that his statement at sentencing imposed upon the trial court a duty to further inquire whether he "was actually denying guilt of the offense" because Reeves, by his statement, raised the issue of whether his plea was knowing, intelligent, and voluntary. We find no merit to this argument.

{¶ 10} Crim.R. 11(C) governs the process by which a trial court must inform a defendant of certain constitutional and nonconstitutional rights before accepting a felony plea of guilty or no contest. The underlying purpose of Crim.R. 11(C) is to convey certain information to a defendant so that he or she can make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Schmick,* 8th Dist. Cuyahoga No. 95210, 2011–Ohio–2263, ¶ 5.

{¶ 11} To ensure that a defendant enters a plea knowingly, voluntarily, and intelligently, a trial court must engage in an oral dialogue with the defendant in accordance with Crim.R. 11(C)(2). *State v. Engle,* 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). Crim.R. 11(C)(2) requires that a trial court determine from a colloquy with the defendant whether the defendant understands (1) the nature of the charge and maximum penalty, (2) the effect of the guilty plea, and (3) the constitutional rights waived by a guilty plea.

{¶ 12} In determining whether a defendant is making a plea with an understanding of the nature of the charge, a trial court has no obligation to advise the defendant of the elements of the crime or to specifically ask whether he or she understands the charge, provided the totality of the circumstances support the trial court's determination that the defendant understands the charge. *State v. Minifee,* 8th Dist. Cuyahoga No. 99202, 2013–Ohio–3146, ¶ 14. In fact, "[w]here a defendant indicates that he understands the nature of the charge, in the absence of evidence to the contrary or anything in the record that indicates confusion, it is typically presumed that the defendant actually understood the nature of the charge against him." *State v. Wangul,* 8th Dist. Cuyahoga No. 84698, 2005–Ohio–1175, ¶ 10. And where a defendant enters a guilty plea without asserting innocence, it is presumed

that the defendant understands that he or she has admitted guilt. *State v. Griggs,* 103 Ohio St.3d 85, 2004–Ohio–4415, 814 N.E.2d 51, ¶ 19.

{¶ 13} This court has repeatedly stated that a defendant's protestations of innocence, however, are insufficient grounds for vacating a plea that was voluntarily, knowingly, and intelligently entered. *State v. Barrett,* 8th Dist. Cuyahoga No. 100047, 2014–Ohio–1234, ¶ 9; *Minifee* at ¶ 27; *State v. Bloom,* 8th Dist. Cuyahoga No. 97535, 2012–Ohio–3805, ¶ 13; *State v. Abdelhag,* 8th Dist. Cuyahoga No. 71136, 1997 Ohio App. LEXIS 3394, *10, 1997 WL 428647 (July 31, 1997). Moreover, when a defendant makes claims of innocence after a guilty plea has been accepted, a trial court has no duty to inquire into a defendant's reasons for pleading guilty.[1] *See State v. Auble,* 8th Dist. Cuyahoga No. 76709, 2000 Ohio App. LEXIS 3389, *8, 2000 WL 1038182 (July 27, 2000) (finding that the defendant's protestation of innocence at the sentencing hearing did not necessitate the trial court's inquiring whether the defendant wished to withdraw his guilty plea at that moment); *State v. Cutlip,* 8th Dist. Cuyahoga No. 72419, 1998 Ohio App. LEXIS 2899, *4, 1998 WL 323556 (June 18, 1998) (where the defendant made claims of innocence after the plea hearing, did not object to the factual basis of the charge, and never moved to withdraw his plea, the trial court did not err in accepting the guilty plea); *State v. Darks,* 10th Dist. Franklin No. 05AP–982, 2006–Ohio–3144, ¶ 18 (because the defendant did not assert his innocence until after he entered a guilty plea and the trial court complied with Crim.R. 11 and determined the defendant entered his guilty plea knowingly and voluntarily, the trial court did not err in accepting his guilty plea after he asserted his innocence); *State v. Gales,* 131 Ohio App.3d 56, 60, 721 N.E.2d 497 (7th Dist.1999). The trial court also has no duty to inform a defendant about the ability to file a motion to withdraw a plea under Crim.R. 32.1. *Id.*

{¶ 14} Here, the record indicates that trial court fully complied with Crim.R. 11. Prior to accepting Reeves's guilty plea, the trial court held a hearing and engaged in a colloquy regarding Reeves's understanding of the nature of the charges, the potential penalties, the consequences of the plea agreement, and his constitutional rights. The court ensured that Reeves was not under the influence of alcohol or drugs and that Reeves was satisfied with his counsel's representation. The court then advised Reeves of the charges, including the maximum possible penalty of each offense to which he pleaded guilty, as well as the potential maximum sentence of all the charges had he not entered into a plea agreement. The court also advised Reeves that the offenses were not allied offenses. Reeves indicated that he understood the court's explanation.

{¶ 15} Thereafter, the trial court advised Reeves of his constitutional rights, including the right to representation, a jury trial, the state proving its case beyond a reasonable doubt, confrontation, compulsory process, and the right to remain silent. Finally, the court advised Reeves that a plea of guilty would constitute a complete admission of the truth of the charges and that by pleading guilty, he waived the rights as explained to him. Reeves answered that he understood the court's

advisement. He entered guilty pleas to the four counts, and the court found that Reeves made a knowing, intelligent, and voluntary decision to plead. Reeves's counsel also provided that Reeves understood the charges and the potential penalties and stated that she believed the trial court had fully complied with Crim.R. 11 and Reeves's plea was entered knowingly, voluntarily, and intelligently.

{¶ 16} The record is devoid of any indication of confusion, hesitation, or protestations of innocence by Reeves during the plea hearing.

{¶ 17} Based upon the above, we find that Reeves did, in fact, knowingly, voluntarily, and intelligently enter a guilty plea to the charge of felonious assault in violation of R.C. 2903.11(B)(1), as well as the other three charges. Moreover, Reeves did not make any claim of innocence until his sentencing, approximately two months after the plea hearing; he never objected to the factual basis of the charges; and he never moved to withdraw his guilty plea. The trial court was therefore not obligated to inquire further into Reeves's guilty plea.

*Reeves*, 2014 WL 3953997, at *2-4.

In this case, two state courts—the trial court, *see* Doc. 10-2, at 29, and the Ohio appellate court, 2014 WL 3953997, at *4—found the plea was entered knowingly, intelligently, and voluntarily. The question whether a guilty plea is entered voluntarily is a factual question and the determination of the state courts previously in this case are accorded a presumption of correctness. *Garcia,* 991 F.2d at 326. The Court finds the record is adequate to show the plea was voluntary, thus the presumption of correctness remains. A review of the state court transcript reveals the trial court fully informed Petitioner of the terms of his plea agreement and the charges to which he was pleading guilty; and Petitioner indicated he fully understood the implications of the charges and his guilty plea. *See* Doc. 10-2, at 18-30 (plea hearing). And, as the appellate court determined, "[t]he record is devoid of any indication of confusion, hesitation, or protestations of innocence by Reeves during the plea hearing." *Reeves*, 2014 WL 3953997, at *4. Further, the appellate court explained Petitioner "did not make any claim of innocence until his sentencing, approximately two months after the plea hearing; he never objected to the factual basis of the charges; and he never moved to withdraw his guilty plea." *Id.*

20

Petitioner has failed to demonstrate that the appellate court's rejection of his challenge to his guilty plea was contrary to or an unreasonable application of Supreme Court precedent, or was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)-(e). As such, Ground One fails on the merits and should be denied.

Having Found Grounds Two through Nine procedurally defaulted, and Ground One meritless, the undersigned need not address Respondent's alternative arguments regarding the merits, or cognizability of these grounds for relief.

<u>Motion for Leave to Amend</u>

Petitioner seeks leave to amend his Petition to add two additional claims. (Doc. 30). First, he seeks to add a claim of ineffective assistance of trial counsel for "fail[ing] to advocate on petitioner's behalf and g[iving] petitioner false and misleading information and advice to entice petitioner to enter a plea of guilty". *Id.* at 1. Second, he seeks to add a claim of ineffective assistance of appellate counsel for: 1) "refus[ing] to raise the claim of ineffective assistance of tr[ia]l counsel on direct appeal as requested by petitioner"; 2) "fail[ing] to advise petitioner of the post conviction requirements"; and 3) "fail[ing] to advocate on petitioner's behalf. Appellate counsel failed to review the complete records and investigate claims that petitioner wanted raised on direct appeal." *Id.* at 2.

Federal Civil Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In determining whether justice requires permitting amendment, courts consider factors including, e.g., whether the amendment would be futile. *See Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998).

Here, Petitioner did not raise ineffective assistance of trial counsel on direct appeal, and would be barred from doing so by the doctrine of *res judicata* as described above. *See Buell*, 274 F.3d at 347. As such, this ground is procedurally defaulted. Similarly, although he did raise claims of ineffective assistance of appellate counsel, Petitioner now seeks to add a claim of ineffective assistance of appellate counsel based on a different theory than the one presented to the state courts. To fairly present a claim in state court, it must be raised on the same facts and same legal basis as later raised in habeas. *See Carter v. Mitchell*, 693 F.3d 555, 58 (6th Cir. 2012). Ohio does not permit successive applications to reopen under Appellate Rule 26(B). *See Humr v. Miller*, 2012 WL 1132756, at *6 (S.D. Ohio) (citing *State v. Twyford*, 106 Ohio St. 3d 176 (2005)). As such, this ground would also be defaulted.

Petitioner has failed to demonstrate either cause[3] for the procedural default of these claims or actual prejudice resulting from the alleged constitutional violations raised therein. Therefore, amendment of the Petition would be futile, and is hereby DENIED.

## CONCLUSION AND RECOMMENDATION

Following review, and for the reasons stated above, the Court recommends the Petition (Doc. 1) be DENIED in its entirety. Further, the undersigned DENIES Petitioner's Motion for Leave to Amend (Doc. 30).

s/James R. Knepp, II
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time

---

3. Petitioner asserts an argument for cause for failure to include these claims in his original *Petition*, but does not assert cause for failure to raise these claims before the state courts. *See* Doc. 30, at 2.

WAIVES the right to appeal the Magistrate Judge's recommendation. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).